UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TRUSTEES OF THE LOCAL 7 TILE INDUSTRY
WELFARE FUND, TRUSTEES OF THE LOCAL 7
TILE INDUSTRY ANNUITY FUND, TRUSTEES OF
THE TILE LAYERS LOCAL UNION 52 PENSION
FUND, AND TRUSTEES OF THE BRICKLAYERS
& TROWEL TRADES INTERNATIONAL PENSION
FUND,

**ANSWER**

Civil Action No. 1:20-CV-04679

Plaintiffs,

Against

ARTISAN STONEWORKS CORP.,

Defendant.

Defendant, Artisan Stoneworks, Corp. ("Artisan"), by its attorneys, Bond, Schoeneck & King, PLLC, answers the Complaint of the Plaintiffs as follows:

1.  With respect to Paragraph 1 of the Complaint, Defendant ADMITS that this purports to be an action pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") and Section 301 of the Labor-Management Relations Act of 1947 ("LMRA") (29 U.S.C. §185), but DENIES any violation of those statutory provisions and DENIES the remaining allegations contained in that paragraph.

2.  ADMITS the allegations set forth in Paragraph 2, 3, 4, 5, 6 and 7 of the Complaint.

3.  With respect to Paragraph 8 of the Complaint, Defendant ADMITS that it was bound to a collective bargaining agreement with the Tile Setters and Tile Finishers Union of New York and New Jersey, Local 7 (the "Union") for the period through June 2, 2017, but DENIES the remaining allegations contained in that paragraph.

4. With respect to Paragraphs 9, 10, 11 and 12 of the Complaint, Defendant refers to the terms of the collective bargaining agreement ("CBA") for their meaning and content, and DENIES the remaining allegations contained in those paragraphs.

5. With respect to Paragraph 13 of the Complaint, Defendant ADMITS that representatives of the Plaintiffs have conducted an audit of Defendant's records, but DENIES the remaining allegations contained in that paragraph.

6. DENIES the allegations contained in Paragraphs 14, 15 and 16 of the Complaint.

7. With respect to Paragraph 17 of the Complaint, Defendant repeats and realleges its answer to each and every allegation contained in Paragraphs 1 through 16 of the Complaint.

8. Paragraph 18 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required to Paragraph 18 of the Complaint, Defendant DENIES the allegations in that paragraph.

9. With respect to Paragraph 19 of the Complaint, Defendant ADMITS that it was bound to a CBA with the Union through June 2, 2017, but DENIES the remaining allegations contained in that paragraph.

10. With respect to Paragraph 20 of the Complaint, Defendant refers to the terms of the CBA for their meaning and content, and DENIES the remaining allegations contained in that paragraph.

11. DENIES the allegations contained in paragraphs 21 and 22 of the Complaint.

12. With respect to Paragraph 23 of the Complaint, Defendant repeats and realleges its answer to each and every allegation contained in Paragraphs 1 through 22 of the Complaint.

13. With respect to Paragraph 24 of the Complaint, Defendant refers to the terms of the CBA for their meaning and content, and DENIES the remaining allegations contained in that paragraph.

14. Paragraph 25 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required to Paragraph 25 of the Complaint, Defendant DENIES the allegations in that paragraph.

15. DENIES the allegations contained in paragraphs 26, 27 and 28 of the Complaint.

16. Defendant DENIES the allegations in Plaintiffs' request for relief.

17. Defendant DENIES all allegations of the Complaint not expressly admitted herein.

## FIRST DEFENSE

18. Defendant has cooperated in Plaintiffs' audit of its books and records.

19. Further, since being advised by Plaintiffs of the alleged underpayment of contributions, Defendant has made numerous, good faith efforts to reconcile its records regarding benefit contributions with those of the Plaintiffs. As such, Plaintiffs' allegations of delinquent contributions as alleged in its Complaint are deficient and fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

20. By its terms, the CBA covers defined tasks and functions at a jobsite based on the Union's craft jurisdiction and relating to the installation of tile or marble. Other tasks and functions performed by an employer, including, but not limited to, fabrication, certain exterior and preparation work, are outside the scope of the CBA and do not constitute covered work.

21.     Further, the CBA and the Union have a limited geographic territory in New York and New Jersey.

22.     Plaintiffs' allegations of delinquent contributions as alleged in the Complaint are substantially based on work performed by Defendant and others that is not covered work under the CBA and is beyond the scope of the CBA.  As such, Plaintiffs' claims are deficient and fail to state a claim upon which relief can be granted.

### THIRD DEFENSE

23.     Plaintiffs' claims are barred, in whole or in part by, the applicable statute of limitations.

### FOURTH DEFENSE

24.     Plaintiffs' claims are barred, in whole or in part by, the doctrine of laches and are not equitably tolled.

### FIFTH DEFENSE

25.     Plaintiffs previously commenced an action against Defendant for alleged delinquent contributions (14-cv-5063 EDNY) which action was amicably settled among the parties to the action.  The settlement included a release of Plaintiffs' claims.

26.     Certain of Plaintiffs' claims in the present case are duplicative of the claims asserted and/or settled by the resolution of the prior action.  Plaintiffs' claims are barred, in whole or in part, by the doctrines of settlement and release.

### SIXTH DEFENSE

27.     Upon information and belief, the Plaintiffs have failed to enforce, or have selectively enforced, some or all of their asserted claims against other similarly-situated

employers and, therefore, they are precluded from enforcing them in this action under the doctrines of waiver, estoppel, and selective enforcement.

## SEVENTH DEFENSE

28. Upon information and belief, Plaintiffs have failed to mitigate damages, in whole or in part.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed in its entirety, that the Court enter judgment accordingly, and award Defendant reasonable attorneys' fees, costs and such other relief as this Court deems just and proper.

Dated: Syracuse, New York
January 4, 2021

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By: s/ Thomas G. Eron
 Thomas G. Eron

Office and P. O. Address
One Lincoln Center; Suite 1800
Syracuse, NY  13202
Telephone:  (315) 218-8647
teron@bsk.com

TO: John M. Harras, Esq.
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, NY  10004
Telephone:  212-943-9080

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 4th day of January, 2021, the foregoing Answer was served via the Court's CM/ECF system to the following:

    John M. Harras, Esq.
    VIRGINIA & AMBINDER, LLP
    40 Broad Street, 7th Floor
    New York, NY  10004
    Telephone:  212-943-9080
    Email:  jharras@vandallp.com

            s/ Thomas G. Eron
            Thomas G. Eron